# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMBER RENAE BOREN | § |
| | § Civil Action No. 4:19-CV-257 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| COMMISSIONER, SSA | § |
| | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 30, 2020, the report of the Magistrate Judge (Dkt. #16) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of the Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #17) and the Commissioner's Response (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

In her Objections, timely filed on September 9, 2020, Plaintiff argues the Magistrate Judge erred in affirming the decision of the ALJ because: (1) the ALJ failed to properly consider Plaintiff's work-related limitations in formulating the RFC (Dkt. #17 at p. 1), and (2) the VE's response to the ALJ's hypothetical questions is inconsistent with the limitations posed by the ALJ

(Dkt. #17 at p. 5). The Commissioner asks the Court to adopt the Magistrate Judge's report in full, arguing the Magistrate Judge has already considered each of these issues (Dkt. #19).

*Consideration of Work-Related Limitations*

Plaintiff first argues the Magistrate Judge erred in finding the ALJ properly considered all of Plaintiff's work-related limitations in determining Plaintiff's RFC, specifically Plaintiff's fatigue, cane use, and loss of vision (Dkt. #17 at pp. 3–5). While Plaintiff argues the ALJ failed to incorporate Plaintiff's limitations; the record reflects to the contrary. Indeed, the Magistrate Judge's report reflects in relevant part consideration of this identical argument:

> In sum, the ALJ references five different instances, spanning over three years (September 2012-December 2015), where physicians found no, or very limited, restrictions on Plaintiff's ability to walk and move [TR 18-20]. In none of the listed instances did a physician prescribe or opine that Plaintiff needed to use a cane and/or crutch [TR 18-20]. Moreover, the ALJ specifically limited Plaintiff to sedentary work with additional restrictions [TR 23].
> ***
> [T]he ALJ ultimately gave the benefit of the doubt to Plaintiff and "lowered the RFC assessment to the Sedentary exertional level due to fatigue and balance issues following the strokes" [TR 25].
> ***
> The ALJ referenced treatment notes from the Medical Center of McKinney, where Plaintiff went after her first stroke and first reported the impairment [TR 18]. The ALJ denoted Plaintiff's treatment by RGB Eye Associates PA from February of 2013 through December of 2017 [TR 19]. No medical opinion exists in the record advising of limitations in Plaintiff's ability to work as a result of her visual field loss. Notwithstanding, the ALJ went on to explicitly explain that although Plaintiff's impaired visual field was not found to be severe, he accommodated such impairment in his RFC assessment by precluding proximity to hazards and prohibiting her driving or operating a vehicle/heavy machinery [TR 25]. Plaintiff does not explain why this is insufficient. Also, based on Plaintiff's own testimony, the visual loss occurred in connection with her initial stroke, after which she continued to work for a number of years.

(Dkt. #16 at pp. 16, 19). Given Plaintiff's alleged date of disability onset in August 2015, the ALJ properly referenced examinations encompassing Plaintiff's claimed period of disability and, contrary to Plaintiff's assertion, such examinations are of value in determining disability.

Moreover, it is well settled that "[t]he responsibility for determining a claimant's RFC lies with the ALJ." *See Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000); *McCool v. Saul*, No. 3:19-CV-00393, 2020 WL 4905501, at *3 (S.D. Tex. Aug. 20, 2020), *report and recommendation adopted*, No. 3:19-CV-00393, 2020 WL 5518626 (S.D. Tex. Sept. 14, 2020). And evidentiary conflicts, such as those raised by Plaintiff, are for the Commissioner, not this Court, to resolve. Here, the Commissioner argues that substantial evidence supports the ALJ's RFC assessment in light of the plethora of medical opinion evidence referenced by the ALJ related to Plaintiff's fatigue, cane use and/or loss of vision. The Court agrees.

The ALJ's decision expressly considered the cane use (or lack of balance associated therewith) and fatigue, ultimately determining that any limitation associated with same was addressed by limiting Plaintiff to sedentary work (Dkt. #16 at p. 15). As Commissioner delineates, "the ALJ discussed a three-year period during which no physician found any, or more than very limited restrictions on Plaintiff's ability to walk and move, which [is] consistent with the ALJ's sedentary RFC assessment" (Dkt. #19 at p. 2). *See Stewart v. Colvin*, No. 1:-12-CV-039-BL, 2013 WL 197938, at *5 (N.D. Tex. May 14, 2013) (finding failure to include any limitations based on Plaintiff's use of an assistive device when walking consistent with substantial evidence the ALJ identified).

The ALJ additionally considered the alleged impaired field of vision, determining to limit Plaintiff's "proximity to hazards such as unprotected heights or open and dangerous hazards" and driving and operation of heavy machinery (Dkt. #19 at p. 19). No medical opinion exists in the record advising of limitations in Plaintiff's ability to work resulting from her reduced visual field. Notwithstanding, Plaintiff claims no testimony addresses whether Plaintiff can perform the occupations identified by the VE with a visual field loss such as Plaintiff's. However, Plaintiff

never raised this issue at hearing on cross-examination of the VE; and furthermore, the DOT descriptions themselves for each of the jobs listed by the VE specifically state "Field of Vision Not Present Activity or condition does not exist," with respect to the aptitudes necessary for performing the duties required.  249.587-018 Document preparer, 1991 WL 672349 ("Field of Vision:  Not Present – Activity or condition does not exist); 209.567-014 Order Clerk, Food and Beverage, 1991 WL 671794 ("Field of Vision:  Not Present – Activity or condition does not exist); 739.687-182 Table Worker, 1991 WL 680217 ("Field of Vision:  Not Present – Activity or condition does not exist).  Based on the foregoing, the ALJ properly considered Plaintiff's visual impairment, and as the Commissioner indicates, nothing supports Plaintiff's contrary contention that her fatigue, cane use, or vision field require any other limitations than those found by the ALJ.  Plaintiff's Objection is overruled.

### *VE's Testimony*

Plaintiff further argues the VE's testimony in response to the hypothetical posed is inconsistent with the limitations posed by the ALJ (Dkt. #17 at p. 5).  Plaintiff asserts that the jobs listed by the VE simply do not correlate with the limitations asserted by the ALJ; specifically, that a reasoning level of three (3) does not encompass occupations that require more than simple and/or one and two step instructions (Dkt. #17 at pp. 4, 8).

The VE testified that Plaintiff could perform the jobs of:

[D]ocument preparer (DOT Code 249.587-018), exertion level sedentary, SVP two; order clerk (food and beverage) (DOT Code 209.567-014), exertion level sedentary, SVP two; and table worker (DOT Code 739.687-182), exertion level sedentary, SVP two [TR 62].  Pursuant to the DOT, document preparer has a reasoning level of three (3), *DICOT*, § 249.587-018, 1991 WL 672349, order clerk, food and beverage, has a reasoning level of three (3), *DICOT*, § 209.567-014, 1991 WL 671794, and table worker has a reasoning level of one (1), *DICOT*, § 736.687-182, 1991 WL 680217.

(Dkt. #16 at p. 21). Plaintiff argues that a reasoning level of three does not encompass jobs that involve simple, one and two step instructions, and that elimination of the jobs with a reasoning level of three does not leave a significant number of jobs in the national economy (Dkt. #17 at p. 10). While Plaintiff includes a block citation in her Objections to support such argument, upon closer review, the citation is merely to Plaintiff's own initial briefing which the Magistrate Judge already considered (Dkt. #17 at p. 8). The Magistrate Judge's report references a list of cases finding a reasoning level of three and simple and unskilled work are not in conflict (Dkt. #16 at pp. 21–22). Plaintiff does not distinguish any of the cases cited. Because the jobs offered by the VE are consistent with the ALJ's determination, the Court also finds the three occupations identified by the VE to be sufficiently available in the national economy (Dkt. #16 at p. 22). Plaintiff's Objections are overruled. Substantial evidence supports the ALJ's finding.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #17), the Commissioner's Response (Dkt. #19), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #16) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

SIGNED this 21st day of September, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE